**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
*In re:*

MALESE 18 CORP.,

                      Debtor.

--------------------------------------------------------X

RM 18 CORP.,

                      Appellant,

         -against-

AZTEX ASSOCIATES, L.P. and THE BANK
OF NEW YORK MELLON TRUST, N.A., as
TRUSTEE,

                      Appellees.

--------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
09-cv-2412 (ADS)

**APPEARANCES:**

**Windels Marx Lane & Mittendorf, LLP**
*Attorneys for the Debtor Malese 18 Corp.*
156 West 56th Street
New York, NY 10019
      By:    Alan Nisselson, Esq., Of Counsel

**Brauner, Baron, Rosenzweig & Klein, LLP**
*Attorneys for the Debtor Malese 18 Corp.*
61 Broadway
18th Floor
New York, NY 10006
      By:    Leslie S. Barr, Esq., Of Counsel

**Ruskin, Moscou & Faltischek, P.C.**
*Attorneys for the Appellant RM 18 Corp.*
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, NY 11556
      By:    Mark S. Mulholland, Esq.,
                Arthur Kremer, Esq., Of Counsel

**Nixon Peabody**
*Attorneys for the Appellee Aztex Associates, L.P.*
437 Madison Avenue
New York, NY 10022
    By:    Dennis Drebsky, Esq., Of Counsel

**Drinker Biddle & Reath LLP**
*Attorneys for the Appellee Bank of New York Mellon Trust, N.A.*
1177 Avenue Of Americas
41st Floor
New York, NY 10036
    By:    Matthew Farley, Esq., Of Counsel

**Hahn & Hessen LLP**
*Attorneys for the Appellee Bank of New York Mellon Trust, N.A.*
488 Madison Avenue
New York, NY 10022
    By:    John P. Amato, Esq., Of Counsel

**Office of the United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437
    By:    Diana G. Adams, Esq., Of Counsel

**SPATT, District Judge.**

Appellant RM 18 Corp. ("RM 18") previously challenged an order entered by United States Bankruptcy Judge Dorothy T. Eisenberg on April 16, 2009. That order was the result of a remand from this Court on appeal of a previous order on the same issue, entered by Judge Eisenberg on June 28, 2005. The appeal was opposed by Appellees Aztex Associates, L.P. ("Aztex") and Bank of New York Mellon Trust, N.A. ("New York Mellon"). On March 9, 2010, this Court dismissed that appeal as moot. RM 18 now moves pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(4) and 60(b)(6) to vacate any portion of the Court's March 9, 2010 order and the April 16, 2009 Bankruptcy order that could be construed as precluding any portion of RM 18's state law claims in a separate state court action.

For the reasons that follow, the Court denies the motion as untimely.

# I. BACKGROUND

This proceeding arises out of the bankruptcy filing by Kmart Corporation ("Kmart") on January 22, 2002 in the Bankruptcy Court for the Northern District of Illinois. The Court will provide a brief summary of the relevant background facts below, but additional specifics of the case are set forth in greater detail in one of the Court's previous orders in this matter, namely In re Malese 14FK Corp., 351 B.R. 34 (E.D.N.Y. 2006). Familiarity with those facts is presumed.

Lawrence Kadish and Howard Kadish formed debtor Malese 18 Corp. ("Malese 18") and appellant RM 18 in the early 1980s. They created the entities to participate in a complex real estate transaction with Kmart that was apparently engineered to provide Kmart with certain tax benefits. Pursuant to this transaction, Malese 18 received its only asset: the right to collect rent from Kmart for eighteen of its stores. However, Malese 18 did not own the eighteen stores, but rather itself leased them from Appellee Aztex. Aztex was similarly involved in the transaction, and held a 25-year estate in the properties, subject to mortgage liens on the properties. These liens were held by a trust that is now managed by Appellee New York Mellon. The remainder interest in the eighteen properties was contracted to pass to RM 18, Malese 18's sister company, on January 1, 2010. At that time, RM 18 would also assume the obligations of the properties' mortgages.

The store leases to Kmart were Malese 18's only assets. Therefore, Kmart's bankruptcy directly threatened Malese 18's solvency. Thus, two days after Kmart filed for bankruptcy on January 22, 2002, Malese 18 also filed for bankruptcy in the Eastern District of New York. That case was assigned to Bankruptcy Judge Eisenberg. Malese 18 emerged from bankruptcy shortly after filing, pursuant to a stipulation with Aztex that was approved on July 1, 2002 (the "Malese Stipulation"). The Malese Stipulation provided that Malese 18 would transfer all of its stock to

the beneficial ownership of Aztex, and Aztex would assume the right and responsibility to pursue all of Malese 18's claims against Kmart. The upshot for Lawrence Kadish and Howard Kadish, the owners of Malese 18 and RM 18, was that any recovery on the Kmart claims would be used in part to pay the mortgage debt encumbering the eighteen properties. As RM 18 was still slated to take possession of these properties on January 1, 2010, this was a significant benefit to the Kadishes.

Presumably to protect the Kadish interest, the Malese Stipulation provided that Aztex could not settle the claim against Kmart "without the prior consent of [Lawrence] Kadish, which consent shall not be unreasonably withheld or delayed." (Malese Stipulation, ¶ 5.) Sometime in the spring of 2005, Aztex and New York Mellon came to terms with Kmart on the claim, and agreed to accept approximately $17 million in stock from Kmart to extinguish the claim. However, Kadish refused to consent to the settlement, asserting that the claim was worth much more. Therefore, on June 3, 2005, Aztex moved in the Bankruptcy Court for the Eastern District of New York to reopen the Malese 18 bankruptcy, and to rule that Kadish was unreasonably withholding his consent. On June 28, 2005, Judge Eisenberg granted this motion in its entirety. With Judge Eisenberg's order in hand, Aztex and New York Mellon presented the proposed $17 million settlement to Kmart's bankruptcy judge, who approved it on July 11, 2005 (the "Kmart Settlement"). RM 18 and the Kadishes did not move to stay either Judge Eisenberg's order or the Kmart Settlement.

The substance of the parties' disagreement on the value of the Kmart claim is described in detail in the Court's previous decision. In re Malese 14FK Corp., 351 B.R. at 38–39. In sum, the Kadishes asserted that certain rent, called "Deferred Rent" and valued at approximately $30 million, was due and owing to Malese 18 before Kmart filed for bankruptcy. Aztex believed this

rent did not become due and owing until after the bankruptcy filing. This was relevant because the Bankruptcy Code allows creditors to make claims for the full value of back rent, but imposes a 15% recovery cap on claims for rent owed after a bankruptcy petition is filed. "Deferred Rent" under the Kmart leases did not fit neatly into either of these categories. The leases provided that the Deferred Rent accrued prior to Kmart's bankruptcy, but no Deferred Rent had been paid and it was not obvious it could become payable without a lease termination.

In the June 28, 2005 decision, Judge Eisenberg held that the Deferred Rent was subject to the 15% recovery cap as a matter of law, and that Kadish's basis for withholding consent was therefore unreasonable. Although RM 18 sought no stay of this order, it did file an appeal. On September 26, 2006, this Court issued a decision, In re Malese 14FK Corp., 351 B.R. at 34, reversing Judge Eisenberg's characterization of the Deferred Rent, and holding that it was *not* subject to the 15% recovery cap. The Court also found that Kadish had a legitimate, non-arbitrary business reason for withholding its consent to the settlement. However, the Court stated that it could not determine whether Kadish had reasonably withheld his consent without also considering the underlying reasonableness of the Kmart Settlement. As the Bankruptcy Court had not analyzed the reasonableness of the Kmart Settlement, this Court remanded the matter to Judge Eisenberg for further proceedings to develop this record.

On February 3, 2009, Judge Eisenberg held a hearing on the reasonableness of the Kmart Settlement. In her decision on April 16, 2009, In re Malese 18 Corp., No. 8-02-80586-478, Slip Copy, 2009 WL 1044556, * 8 (Bkrtcy. E.D.N.Y. April 16, 2009), she found that the Kmart Settlement was reasonable, and that Kadish had unreasonably withheld his consent. At the time of the February 3, 2009 hearing, at least four payments of Kmart stock had already been made to Aztex and/or New York Mellon pursuant to the Kmart Settlement. Therefore, Judge Eisenberg

also stated that "[i]t would appear that this proceeding may be moot as it is uncertain whether the parties can be restored to the same positions they were in respectively at the time Aztex and Kmart negotiated the Kmart Settlement." Id., 2009 WL 1044556 at * 8.

RM 18 appealed from Judge Eisenberg's April 16, 2009 decision. Aztex and New York Mellon opposed the RM 18 appeal on the merits, as well as on the basis of mootness.

In an order dated March 9, 2010, this Court dismissed RM 18's appeal from the order dated April 16, 2009, on the ground of equitable mootness. The Court found that because Kmart had distributed stock to Aztex Associates and/or New York Mellon pursuant to its reorganization plan, and such stock had been liquidated, relief could no longer be granted to RM 18 without creating significant inequities in relation to the Kmart settlement. The Court also noted that the failure to seek a stay in the bankruptcy proceedings demonstrated a lack of diligence on behalf of RM 18. However, the Court further noted that "because th[e] appeal [wa]s not denied on its merits, the issue preclusion effects of the Bankruptcy Court's order [we]re limited."

In September 2010, Kadish and RM 18 commenced an action in the Supreme Court, Nassau County, against Aztex and Mellon, as well as Merrill Lynch & Co., Inc. ("Merrill Lynch"), Aztex Corporation, and Siltex Properties Corp. ("Siltex"), the Aztex alleged alter egos. The complaint asserted 10 causes of action arising out of the settlement of the Kmart claims pursuant to the Malese stipulation and order. In essence, the plaintiffs sought to recover damages allegedly sustained by the defendants' settling of the Kmart claims for $25 million less than their value. Mellon, Merrill Lynch, Aztex, Aztex Corporation, and Siltex separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them on various grounds.

In an order entered August 3, 2011, the Supreme Court, after rejecting the defendants' contention that they were entitled to dismissal pursuant to CPLR 3211(a)(5) on the ground of res judicata, (1) directed the dismissal of all causes of action insofar as asserted against Mellon, Merrill Lynch, and Siltex except the cause of action alleging aiding and abetting breach of fiduciary duty, and (2) directed the dismissal of all causes of action insofar as asserted against Aztex Associates and Aztex Corporation, except the causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, for failure to state a cause of action pursuant to CPLR 3211(a)(7). On appeal, the defendants asserted that the action was barred by the doctrine of res judicata.

The Appellate Division, Second Department affirmed in part and reversed in part. RM 18 Corp. v. Bank of New York Mellon Trust Co., N.A., 104 A.D.3d 752, 756, 961 N.Y.S.2d 271, 275 (2d Dept. 2013). In particular, applying federal res judicata law, the court held that the 2009 New York bankruptcy court order determining that the debtor breached the stipulation and order had preclusive effect on the action against the creditors. The court noted that because "there was no vacatur of the [] bankruptcy court order, it has preclusive effect. As the New York bankruptcy court determined that Kadish breached the stipulation and order by unreasonably withholding his consent, the plaintiffs [could] not maintain the present litigation, which challenge[d] this final adjudication by a court of competent jurisdiction." Id. (internal citation omitted). The Plaintiffs moved before the Appellate Division for reargument or leave to appeal to the New York Court of Appeals. That motion is currently pending.

On April 18, 2013, RM 18 brought the present motion pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) to vacate any portion of the Court's March 9, 2010 order and the Bankruptcy Court's April 16, 2009 order that could be construed as precluding any of RM 18

and Kadish's state law claims in the state law action. RM 18 maintains that the 2009 Bankruptcy Court order should be afforded no preclusive effect as to the state law claims because (1) the Bankruptcy Court did not address those claims; (2) the Bankruptcy Court lacked constitutional authority to issue a final judgment on those claims; (3) the appeal from the Bankruptcy Order was dismissed as moot rather than on the merits. In opposition, the Defendants contend that (1) RM 18's vacatur motion is untimely, as it was initiated more than three years after the underlying orders; (2) Fed. R. Civ. P. 60(b)(4) potentially provides relief only where the court issuing the prior judgment lacked jurisdiction over a dispute or failed to afford due process to a litigant, neither of which is applicable; (3) Fed. R. Civ. P. 60(b)(6) cannot be used to circumvent later rulings of state appellate courts.

## II. DISCUSSION

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). Rule 60(b) provides:

> On motion and upon just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793

8

F.2d 58, 61 (2d Cir. 1986). "The burden of proof is on the party seeking relief from judgment [.]" United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

Generally, "[f]or a Rule 60(b) motion to prevail, a three-part test must be met. First, there must be 'highly convincing' evidence supporting the motion. Second, the moving party must show good cause for failing to act sooner. Third, the moving party must show that granting the motion will not impose an undue hardship on the other party." Hemric v. City of New York, No. 96 Civ. 213(DLC), 2001 WL 118561, at *4 (E.D.N.Y. Feb. 13, 2001) (citing Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding."); see also D'Angelo v. State Farm Fire & Cas. Co., 32 Fed. Appx. 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material."); Boehner v. Heise, No. 03 Civ. 05453(THK), 2009 WL 1360975, at *4–5 (S.D.N.Y. May 14, 2009) (applying the Rule 60(b) test to a motion for relief under Rule 60(b)(6)).

Here, the Court finds that RM 18 Corp's delay in bringing the pending motion – more than three years after this Court's order and more than four years after the Bankruptcy Court order – is unreasonable. See e.g. Nevado v. United States, 282 F. App'x 944, 946 (2d Cir. 2008) ("[T]he twenty eight month delay that occurred between the district court's decision and defendant's Rule 60(b) motion is unreasonable."); Satterfield v. Pfizer, Inc., 208 F. App'x 59, 61 (2d Cir. 2006) (finding four year delay in bringing Rule 60(b) motion to be unreasonable); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time"); Sonhouse v. Nynex Corp., No. 00–CV–7236, 2000 WL 1262591, at *1 (2d Cir. Sept. 5, 2000) (upholding district court

9

finding that a Rule 60(b) motion filed more than three years after entry of judgment was untimely); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (finding a twenty-six month delay to be "a patently unreasonable delay absent mitigating circumstances"); Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (finding an eighteen month delay to be unreasonable); Dunn v. Kaladjian, No. 92 CV 1002, 2011 WL 4532050, at *9 (E.D.N.Y. Sept. 28, 2011) (the court determined that a delay of over four years was unreasonably long for a motion filed under Rule 60(b)).

Further, RM 18 has failed to provide the Court with an adequate explanation to justify such a delay. See Kellogg, 269 F.3d at 104 (affirming the district court's denial of a Rule 60(b) motion as untimely when the motion was filed twenty-six months after the entry of judgment and the movant "had not shown good cause which would excuse the delay in filing"); Hom v. Brennan, 840 F.Supp.2d 576, 581 (E.D.N.Y. 2011) (denying a motion to vacate that was filed more than five years after the judgment was entered because the plaintiff had "not articulated any justifiable basis that would excuse this substantial delay, particularly in light of the Second Circuit's dismissal of his appeal").

The fact that (1) RM 18 brought this motion within 30 days of the Appellate Division's March 13, 2013 order and (2) the March 13, 2013 order was the first court order to preclude RM 18's state court claims carries little weight when, as here, the state court defendants raised res-judicata in their pre-answer motion to dismiss. At that time, RM 18 could have, but did not, quibble with the wording of the Court's March 2010 Order or the Bankruptcy Court's April 2009 order. Instead, RM 18 sat on its purported rights and litigated over the meaning of those words as written until the Appellate Division Dismissal Order three years later.

Accordingly, the Court denies RM 18's motion pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) as untimely. For this reason, the Court need not address the parties' arguments on the merits.

### III. CONCLUSION

It is hereby

ORDERED, that RM 18's motion to vacate any portion of the Court's March 9, 2010 order and the April 16, 2009 Bankruptcy order that could be construed as precluding any portion of RM 18's state law claims in a separate state court action is denied as untimely.

**SO ORDERED.**
Dated: Central Islip, New York
July 26, 2013

                                                *Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                         United States District Judge